Yang v. Holder

BIA
A077 562 825

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand fourteen.

PRESENT:
>       JOSÉ A. CABRANES,
>       PETER W. HALL,
>       RAYMOND J. LOHIER, JR.,
>            *Circuit Judges.*

_____

HONG MING YANG,
>       *Petitioner,*

>       v.                                     12-1614
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          John X. Wang, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Blair T. O'Connor,
                         Assistant Director; Juria L. Jones,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hong Ming Yang, a native and citizen of China, seeks review of a March 26, 2012, decision of the BIA denying his motion to reopen his removal proceedings. *In re Hong Ming Yang*, No. A077 562 825 (B.I.A. Mar. 26, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered and is permitted to file only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Yang's second motion to reopen, filed in 2011, was untimely and number-barred because his order of removal became final in 2002. *See* 8 U.S.C. § 1101(a)(47)(B)(i).

Yang contends that the Chinese government's awareness of his membership in and activities in support of the China Democracy Party ("CDP") in the United States and that government's alleged intensified crackdown on pro-democracy advocates in China constitute material changes in country conditions excusing his motion from the applicable time and numerical limitations. *See id*. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).

Notwithstanding Yang's arguments to the contrary, the BIA did not abuse its discretion in finding that he failed to demonstrate a material change of conditions in China since the time of his hearing. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *see also In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). First, Yang's CDP activities in the United States are a

2

change in personal circumstances, not a change in country conditions in China. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008) (concluding that aliens who have been ordered removed may not "disregard [those] orders and remain in the United States long enough to change their personal circumstances (e.g., by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application"); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (making clear that "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States" will not suspend time and numerical limitations on motions to reopen). Second, the BIA compared evidence of current conditions in China to those that existed at the time of Yang's merits hearing and reasonably determined that the evidence reflected a continuation of the Chinese government's suppression of pro-democracy activists rather than a material change in the level of such suppression.

Nor did the BIA abuse its discretion in its weighing of Yang's individual evidentiary submissions, particularly in according that evidence diminished weight. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (stating that generally "the weight to afford to [a petitioner's] evidence lies largely within the discretion of the agency") (internal quotation marks omitted). The BIA did not err by according Yang's father's letter diminished weight because it was written by an interested witness not subject to cross-examination. *See Matter of H–L–H & Z–Y–Z–*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Similarly, the BIA was not required to credit an affidavit asserting that Yang will certainly be arrested in China because it was supported only by anecdotal evidence from a few unknown individuals. *See Xiao Ji Chen*, 471 F.3d at 341-42; *cf. Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005).

Because the BIA did not abuse its discretion in finding that Yang failed to establish a material change in country conditions as required to except his motion from the time and number limitations, we do not address his *prima facie* eligibility for asylum, withholding of removal, and relief

under the Convention Against Torture. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the motion for stay of removal filed May 15, 2012 is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4